[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the Court are post verdict motions in which the defendant moves to set aside the plaintiff's verdict and the plaintiff moves to have the court enter a judgment on the verdict including pre judgment interest and costs.
Where jurisdiction in personam has been established, the effect of a money judgment of the superior court against a defendant is to personally obligate the defendant against whom judgment entered to pay that sum. This proposition is axiomatic. A judgment ". . . is the judicial declaration by which the issues are settled and the rights and liabilities of the parties are fixed as to the matters submitted for decision." 49 C.J.S. Judgments § 2. The court has no jurisdiction over insurers for such a defendant who are not parties to the lawsuit in which the judgment entered. Any adjudication takes effect only between those who are parties or privies to the judgment, and it gives no rights against third parties. Kapiolani's Estate v. Atcherly,238 U.S. 119, 59 L. Ed 1229, 35 Sup. Ct. Rep. 832 (1915). In this case, on January 13, 1992, Karen Tonelli sued only Joseph Ruggiero. The jury awarded a verdict against Ruggiero for $320,000.00 on October 1, 1996. The effect of a judgment entered on such a verdict would be to personally obligate Ruggiero to pay it, and would be notice to the world of his obligation to pay it. None of these axiomatic principles of our law would be worth stating except that there is another important factual wrinkle involved with the post-verdict motions before the court which first became evident at a post-verdict hearing. On October 13, 1992, the defendant was adjudicated bankrupt based on a Chapter 7 CT Page 445 petition he filed earlier on June 22, 1992. Ruggiero was discharged from any obligation to pay claims or debts which he listed on his bankruptcy schedule, including the plaintiff's claim. Further, as to the debts discharged, including the plaintiff's, the U.S. District Court for Connecticut, acting by the Honorable Alan Schiff, issued the following injunction:
 "All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void . . . are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor."
There is no evidence before this court that the $320,000 verdict the jury awarded or the $179,520.00 interest which the plaintiff claims under the offer of judgment statute would have to be paid by the defendant's liability insurer. There is no evidence before the court of the defendant's policy coverage. There is nothing in the pleadings to indicate this is a cause of action to determine liability of the debtor Ruggiero solely as a prerequisite to recover against his insurance carrier.
The court allowed the case to proceed to trial after the impression had been created in a chambers conference that prior relief permitting the case to proceed had been obtained from the bankruptcy court. Such petitions are frequently made and granted in other cases. In fact, no petition had been made and no such relief had ever been obtained. The plaintiff now contends that no petition for relief or order from the bankruptcy court is necessary, based on the decision in Green v. Welsh, 956 F.2d 30
(2nd Cir. 1992).
On appeal from the bankruptcy court, the U.S. District Court in Green v. Welsh, supra, held that ". . . pursuant to § 524 the discharge under § 727 did not operate to enjoin Green from resuming her negligence suit, insofar as that action remained confined to obtaining a judgment to be paid by the Welch's liability insurer." On appeal, the Second Circuit Court of Appeals upheld the district court.
The Green court was presented with a situation where a bankruptcy court denied relief to proceed to a plaintiff who did not understand the difference between the automatic temporary CT Page 446 stay which follows the filing of a petition in bankruptcy and the permanent injunction against proceeding to enforce debts and claims, which follows ultimate discharge under 11 U.S.C. § 524. Instead of seeking relief from the injunction, relief was sought from the stay. That may have influenced the result. It is not clear from the Green decision who were parties to the case, whether the defendant's insurer was a party, whether there was insurance for all of the claim, and whether the pleadings and prayer for relief made it clear that a judgment could not result in the personal liability of the defendant bankrupt. Insofar as the plaintiff cites Green as authority for the proposition that under the particular circumstances of this case no relief is necessary from the injunction which entered, the court rejects that view.
Here, the defendant argues that the court should deny the plaintiff's motion for judgment and interest because the plaintiff had no authority to pursue her tort claim in state court without seeking relief from the stay or modification from discharge. Without such relief from the Bankruptcy Court, the defendant further argues that the state court judgment is null and void because it contravenes the Bankruptcy Code and violates the "fresh start" policy detailed in Green, supra. The defendant also contends that Green, supra, stands for the limited proposition that a claimant is permitted to name the debtor in a lawsuit to establish liability as a precondition to recovery from the defendant's liability insurer, but that here the only named defendant is the debtor; the insurance carrier is not a co-defendant.
Relying on Green v. Welsh, supra, the plaintiff argues, inter alia, that the court should enter judgment and award prejudgment interest in order to establish the defendant's liability, so she can then proceed to collect from the defendant's insurance carrier. However, the pleadings contain no limitation on the relief being sought. The plaintiff concedes that she cannot recover directly from the defendant and denies that entry of judgment will adversely affect the defendant. The difficulty with this view of the matter is that she has initiated a proceeding by pleadings and a prayer for relief where if judgment enters, it enters against Ruggiero alone, and purports to be a personal judgment which, on its face, would be violative of the plain words of the injunction in effect. Furthermore, despite the plaintiff's contrary assurances, this court is not prepared to speculate and conclude that entry of such a judgment, against the CT Page 447 defendant five years after a discharge of the defendant from the claim, would not have any adverse consequences on the defendant or interfere with the "fresh start" in personal financial life that the Bankruptcy Code contemplates a discharged debtor should receive. Judgments on file in the office of the Clerk of the Superior Court are open to the public. To most members of the public, the entry of a substantial in personam judgment on the verdict as called for by the prayer for relief, without any record notice of any limitations on the effect of it upon the defendant debtor would raise questions about the credit worthiness of the defendant. That would be incompatible with the "fresh start" the Federal Bankruptcy Act contemplates. It would also be in apparent violation of the injunction issued by Judge Schiff of the United States Bankruptcy Court. Such a course of action would leave this court in the position of trying to tiptoe in and around another court's injunction issued as a result of preemptive provisions of the United States Code, an uncertain bit of terpsichory upon which this court has no intention of embarking.
There are now post-verdict motions before this court to set aside the verdict and motions filed by the plaintiff to enter judgment on the verdict and add prejudgment interest to it, award costs, et cetera, all of which are directed solely to the named defendant. The court will not take further action on any of these post-verdict motions in the face of the injunction issued by the U.S. Bankruptcy Court unless and until the injunction is modified appropriately by the court which issued it in such a way that it is made clear that the entry of a judgment on the verdict in the Connecticut Superior Court with or without interest and costs against the defendant would not be violative of it. Such modification should also indicate whether or not the plaintiff is enjoined from seeking any execution or levy on any personal assets of the defendant to satisfy any such judgment which might issue.
Flynn, J. CT Page 448